TRANS ATLANTIC COMPANY *v.* UNITED STATES (No. 5024)[1]

United States Court of Customs and Patent Appeals, Nov. 17, 1960

*Allerton deC. Tompkins* for appellant.

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Richard H. Welsh,* trial attorney, of counsel) for the United States.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

SMITH, Judge, delivered the opinion of the court:

Metal brackets for mounting door closers were classified by the Collector of Customs as articles manufactured of base metal under paragraph 397 of the Tariff Act of 1930 as modified by T.D. 54108, which reads as follows:

> Articles or wares not specially provided for, whether partly or wholly manufactured:
> Composed wholly or in chief value of iron, steel, * * *
> Other * * *_____ 21% ad val.

The importer protested the classification, claiming the brackets were parts of door closers, and should have been classified as parts of machines, under paragraph 372 of the Tariff Act of 1930, as modified, supra, which reads as follows:

---

[1] C.A.D. 758.

[2] *United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28, United States Code.

Machines, finished or unfinished, not specially provided for: * * *
Other * * *_____ 13%

    *       *       *       *       *       *       *

Parts, not specially provided for, * * *_____ The rate
for the article of which they are parts.

The Customs Court overruled the protest (C.D. 2123) and the importer appealed.

The imported brackets are used for mounting hydraulic door closers on a door frame. They are not required for mounting such closers on the door itself. The brackets referred to as "corner brackets" are designed to be mounted on a door frame at the intersection of the door jamb and the door head. They have two arms, one for attaching to the door head and the other for attaching to the door jamb. The brackets referred to as "soffit brackets" have a single arm for attachment to the door head of a rectangular door frame, or to the soffit of an arched door frame. Each type of bracket supports a mounting plate having bolt holes which are aligned with the holes provided in the mounting plate of the door closer.

The brackets, while invoiced, imported, and sold as separate items, are used only for mounting a particular door closer on the door frame. Unless such brackets are used, the door closers will not function efficiently when the closers are mounted on the door frame. The record does not show any other commercial use for the brackets.

Since the parties have stipulated that the door closers with which the brackets are used are "machines" within the meaning of paragraph 372 of the Tariff Act of 1930 as modified, *supra*, there is but a single issue for our determination: Should the imported brackets be classified as parts of such a machine under said paragraph?

The Customs Court considered the decision in *United States* v. *Willoughby Camera Stores, Inc.*, 21 CCPA 322, T.D. 46851, as dispositive of this issue and held that the brackets had been properly classified by the Collector as articles under Paragraph 397 of the Tariff Act of 1930 as modified, *supra*. In overruling the protest, the court said:

Upon the record before us and following the principles of the *Willoughby* case, *supra*, we find and hold that the corner and soffit brackets in issue are not parts of door closers and, therefore, are not parts of machines, as alleged by plaintiff herein.

In our opinion, the "principles" which the court drew from the *Willoughby* case are not controlling when applied to the facts of record in the present case. The majority opinion in the *Willoughby* case pointed out that the cameras and tripods there involved "are rarely sold together; that tripods are used for various other purposes." (p. 324) The "principles" which the court announced in the *Willoughby* case, except as they are applied to a fact situation which

is the same or directly comparable thereto, are entitled only to the weight of *dictum*. They are not, *per se*, dispositive of the issue where, as here, the record shows that the brackets have but one commercial use, i.e., the mounting of a particular door closer on the door frame. The brackets are not sold with the door closers when the door closer is to be mounted directly on the door. A fair inference from the record as a whole is that a bracket is sold with the door closer only when the closer is to be mounted on the door frame.

The facts in the present case thus distinguish it from the *Willoughby* case and, in our opinion, bring it more particularly within the later case of *United States* v. *Carl Zeiss, Inc.*, 24 CCPA 145, T.D. 48624, in which it was held that separate view finders were parts of cameras. The separate view finders were required when additional lenses were used with the "Contax" cameras. The cameras as sold were operable cameras which did not require the use of the additional lenses nor of the separate view finders. The lenses and the finders did, however, permit the use of the camera by the purchaser in situations where the original lens and finder would not have been adequate. Under these circumstances the court distinguished the *Willoughby* case and said:

In the case at bar, where a camera for which the finders represented by Exhibits A and B are designed is equipped with a lens and its corresponding finder, then the finder is necessary to the completion of the camera and is "an integral, constituent, or component part, without which the article to which it is * * * joined, could not *function as such article*."

We are unable to distinguish the facts here from the facts in the *Zeiss* case.

A review of the pertinent authorities dealing with the question of when a separate device is a "part" of a machine convinces us that the present weight of authority is with the *Zeiss* case, and is contra to the *Willoughby* case, except where the *Willoughby* case is limited to fact situations of the precise type which the court there had before it.

Thus, the *Willoughby* case was distinguished in *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602, holding that superchargers were "parts" of automobiles because they had been dedicated to such use.

Other cases which are consistent with the views expressed in the *Zeiss* case are: *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434, where lamps and horns were held to be parts of automobiles; *Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T.D. 34249, where music rolls for pianos containing equipment for the mechanical playing of the piano were held to be parts of musical instruments even though the pianos were complete musical instruments without the mechanical playing equipment; *Durbrow & Hearne*

*Manufacturing Co.* v. *United States*, 9 Ct. Cust. Appls. 177, T.D. 38001, where sewing machine shuttles used to produce lock stitches for embroidery purposes were held to be parts of sewing machines which, with other shuttles, performed only the ordinary functions of a sewing machine; *United States* v. *American Steel and Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673, holding halftone screens used in ordinary photographic cameras were parts of photographic cameras although the cameras could be used without the screens; *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T.D. 42472, where a 32-shot magazine drum designed to be attached to and become a part of a regular 9-shot magazine pistol was held to be a part of the pistol. The magazine drum was not necessary to the use of the pistol with the 9-shot magazine. Its function was merely to permit a greater number of shots without reloading.

In all of these cases, as in the present case, there was an option on the part of the purchaser of the article to use it either with or without the imported auxiliary devices. When the purchaser elected to use the article with such auxiliary devices, the devices were held in each case to be parts of the article for which they were designed and intended for use. In all these cases the articles could have been used without the imported auxiliary device. In these cases the court considered the function of the auxiliary part when the purchaser elected to use it as a part of the article and did not consider it determinative that the article could function without the auxiliary part.

In the present case, the purchaser of the door closer has the option to mount it either on the door frame or on the door. Once he decides to use the closer on the door frame the brackets, as the view finders in the *Zeiss* case or the lamps and horns in the *Bosch* case, become necessary and required to so mount the door closer if it is to be operated efficiently in this position. When so used the brackets are attached to and clearly are "parts" of the door closers.

We hold, therefore, that the brackets in issue should have been classified under paragraph 372 of the Tariff Act of 1930 as modified, *supra*.